IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

RICHARD MITUKIEWICZ,

    Plaintiff,

v.

FORNESS PROPERTIES, LLC,
a Florida limited liability company,
and ANDREW E. FORNESS, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff RICH MITUKIEWICZ, by and through his undersigned counsel hereby files this complaint against Defendants, FORNESS PROPERTIES, LLC, a Florida limited liability company and ANDREW E. FORNESS, individually and as grounds therefore alleges as follows:

## JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns back wages, liquidated damages, attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 206 ("FLSA"), for minimum wage pursuant to Florida Statute §448.08.

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff is a resident of Palm Beach County, Florida.

5. Defendant, FORNESS PROPERTIES, LLC has a principal address at 2221 Lee Road, Suite 11, Winter Park, Florida 32789.

6. Defendant ANDREW E. FORNESS is believed to be a resident of Orange County, Florida.

7. This cause of action arose in Orange County.

8. Venue is proper in the Middle District because Plaintiff worked for FORNESS PROPERTIES, LLC in Orange County, Florida; FORNESS PROPERTIES, LLC operates a business located in Orange County, Florida, and the individual Plaintiff resided in Orange County, Florida at all times material hereto.

9. Defendants, and each of them, failed to pay Plaintiff the mandatory wages as required under federal law.

10. Defendant FORNESS PROPERTIES, LLC and ANDREW E. FORNESS are joint employers of Plaintiff as that term is defined under the FLSA.

11. Defendant, ANDREW E. FORNESS, is the managing member for Defendant FORNESS PROPERTIS, LLC and acted directly/indirectly in the interest of Defendant FORNESS PROPERTIES, LLC.

12. Defendant ANDREW E. FORNESS is responsible for paying wages to employees, managing workers, managing the business and classifying employees as exempt or non-exempt.

13. Defendants have annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

14. Defendants at all times material hereto, were an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

## COMMON ALLEGATIONS

15. Plaintiff was employed with Defendants from August 1, 2018 up to and including his separation on January 23, 2020.

16. Initially, Plaintiff began his employment with Defendants as an unpaid intern while he was in school.

17. Plaintiff saw a job advertisement posted by Defendants through his school job board.

18. Plaintiff responded on his own to the job advertisement.

19. Plaintiff secured a job interview with Defendants and was offered a position.

20. Plaintiff's internship was not part of a bonafide school program or such that he would be exempt under the Department of Labor.

21. Plaintiff received no academic credit for his internship with Defendants.

22. Defendants never completed paperwork confirm academic credit was owed to Plaintiff.

23. He was classified as an unpaid intern with Defendants from August 1, 2018 to on or around December 31, 2018.

24. During this time, he worked with a Senior Associate who would oversee the work Plaintiff performed.

25. During this time, he worked three (3) days a week for eight (8) hours a day, amounting to only twenty-four (24) hours a week.

26. On or around January 1, 2019, Plaintiff transitioned to a part-time employee and was paid for his hours worked.

27. On May 1, 2019, Plaintiff was hired by Defendants to be a full-time employee.

28. Plaintiff and Defendants orally agreed that Plaintiff would be paid 50% of the deals he landed and that 50% was split with the Senior Associate.

29. Plaintiff's worked as an associate for Defendants with duties that included being a real estate leasing and sales agent for commercial properties.

30. Upon his separation, Plaintiff was owed $9,700.00 in commissions, $287.00 in expenses, and his last paycheck.

31. Defendants failed to pay Plaintiff the mandatory wages as required under state and federal law.

32. Plaintiff is a non-exempt employee under the FLSA.

33. Plaintiff's job duties were such that he himself was individually engaged in commerce.

**COUNT I**
**MINIMUM WAGE**
**IN VIOLATION OF FLSA §206**
**As to Defendant Forness Properties, LLC**

34. Plaintiff re-alleges Paragraphs 1 through 33 as set forth herein.

35. Plaintiff is a covered, non-exempt employee and is entitled to wages.

36. Plaintiff worked and was not compensated.

37. Defendants failure to properly compensate the Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §206.

38. Defendants' failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to wage payments for the entire preceding three (3) year period.

39. As a direct and proximate result of the Defendants' action, the Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

40. As a direct and proximate result of the Defendants' action, the Plaintiff has suffered damages.

41. As a result of Defendants' conduct, Plaintiff is entitled to unpaid wages, liquidated damages, prejudgment interest, attorney's fees and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendants as follows: That Plaintiff be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs of suit pursuant to 29 U.S.C. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

## COUNT II
## MINIMUM WAGE
## IN VIOLATION OF FLSA §206
## As to Defendant Andrew E. Forness, Individually

42. Plaintiff re-alleges Paragraphs 1 through 33 as set forth herein.

43. Plaintiff is a covered, non-exempt employee and is entitled to wages.

44. Plaintiff worked and was not compensated.

45. Defendants failure to properly compensate the Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §206.

46. Defendants' failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to wage payments for the entire preceding three (3) year period.

47. As a direct and proximate result of the Defendants' action, the Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

48. As a direct and proximate result of the Defendants' action, the Plaintiff has suffered damages.

49. As a result of Defendants' conduct, Plaintiff is entitled to unpaid wages, liquidated damages, prejudgment interest, attorney's fees and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendants as follows: That Plaintiff be awarded back wages, liquidated damages, prejudgment

interest; that Plaintiff be awarded reasonable attorney's fees and costs of suit pursuant to 29 U.S.C. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

## COUNT III
## BREACH OF CONTRACT

50. The Plaintiff restates and incorporates Paragraphs 1 through 33 as if fully set forth herein.

51. The Parties entered into a contract for services to be performed by Plaintiff on behalf of the Defendants.

52. Plaintiff performed services under the contract without being properly compensated for his time.

53. From January 2017 through present, Defendants have consistently acknowledged and reaffirmed the debt owed to Plaintiff, making ongoing promises of payment.

54. As a result of Defendants failure to pay Plaintiff as contracted, Plaintiff has suffered damages.

55. As a direct and proximate result of the Defendants actions, the Plaintiff has been forced to obtain counsel to represent him in this action, causing further damages.

56. As a direct and proximate result of the Defendant's actions, the Plaintiff is entitled to commissions owed, prejudgment interest, attorneys' fees and costs, as well as other penalties.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor, and against the Defendants, for commissions owed, prejudgment interest, reasonable attorneys' fees and costs of suit, and for any other and further relief as this Honorable Court deems just and proper.

## COUNT IV
## UNJUST ENRICHMENT

57. The Plaintiff restates and incorporates Paragraphs 1 through 33 as if fully set forth herein.

58. In the alternative that this Court finds there was no fixed agreement for payment of

commissions, Plaintiff is bringing this action sounding in unjust enrichment against Defendants for monies owed for unpaid wages which Defendants refuse to pay.

59. Plaintiff conferred a benefit upon the Defendants through the services they provided.

60. Defendants appreciated and retained such benefits without compensating Plaintiff for the work they performed.

61. To date Defendants have failed to pay Plaintiff the appropriate amount of monies earned during their employment, including wages owed.

62. Defendants breached its obligations owed to Plaintiff.

63. To allow Defendants to retain the money would be grossly inequitable.

64. Plaintiff has suffered harm as a result of Defendants' failure to pay them.

65. Plaintiff seeks damages and all other relief available under the law.

66. Plaintiff seeks attorney's fees and costs under Florida Statute §448.08, as some of the monies due to them are unpaid wages.

WHEREFORE, Plaintiff prays that judgment be entered in their favor and against the Defendants for all damages, unpaid wages, interest, costs, reasonable attorney's fees pursuant to Florida Statute §448.08 and all such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff further demands a jury trial on all triable issues.

Dated this 25th day of August 2020.

SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com